

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00182-CV

IN RE: PETITION OF KRAUSE LANDSCAPE CONTRACTORS, INC.

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 108,515-CV; Honorable Ana Estevez, Presiding

January 2, 2020

## DISSENTING OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

The majority concludes that Appellee, Krause Landscape Contractors, Inc., failed to clearly and specifically identify how the benefit of its proposed pre-suit depositions pursuant to Rule 202 of the Texas Rules of Civil Procedure would outweigh the costs associated with the taking of those depositions. Finding that Krause failed to satisfy its burden for relief on the merits, the majority reverses the judgment of the trial court and dismisses this proceeding pursuant to the provisions of the Texas Citizens Participation

Act.[1]  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001-.011 (West 2015 & Pamph. Supp. 2019).  Because I find Krause appropriately raised a meritorious claim for relief, I would affirm the judgment of the trial court denying the *Motion to Dismiss* filed by Appellants, Pasqual Perez and Shannon Hughes.  Accordingly, I respectfully dissent.

### BACKGROUND

After Krause filed a "petition requesting depositions to investigate potential claim or suit," Perez and Hughes moved to dismiss the petition under the Texas Citizens Participation Act (TCPA).  *See id.* at § 27.003 (providing a dismissal mechanism in suits that are "based on, relate[d] to, or [are] in response to a party's exercise of the right of free speech . . .").  After hearing arguments from counsel for both sides, the trial court denied the motion to dismiss and authorized Krause's pre-suit depositions.  Perez and Hughes filed this interlocutory appeal.  *See id.* at § 51.014(a)(12) (West Supp. 2019) (authorizing interlocutory appeal of denial of TCPA motion to dismiss).

Perez and Hughes are both former employees of Krause, who are now believed to be in business in competition with Krause.  Due to the loss of certain computer files, missing equipment, and the actual notice of certain customers transferring their business from Krause to Perez, Krause suspects Perez and Hughes of misappropriating certain corporate assets and potentially breaching non-compete agreements.  Before locking horns in litigation, Krause seeks to discover, through Rule 202 depositions, facts relevant

---

[1] As more fully discussed in the majority opinion, the TCPA was amended by the 86th Legislature. *See* Act of June 2, 2019, 86th Leg., R.S., ch. 378, §§ 1-9, 2019 Tex. Gen. Laws 378.  Because the Legislature specifically provided that chapter 27 of the Act "applies only to an action filed on or after the effective date" of September 1, 2019, the amendments do not apply to the underlying litigation.  *See id.* at § 11.

to any decision to pursue further litigation. During a hearing on the *Motion to Dismiss*, counsel for Krause represented to the court that "the likely benefit of allowing the deposition to investigate a potential claim outweighs the burden and expense of the procedure." At the conclusion of the hearing, the trial court denied the motion to dismiss filed by Perez and Hughes and granted Krause's petition to depose. It is from this order that Perez and Hughes filed their interlocutory appeal.

Perez and Hughes present three issues. In their first issue, they contend the trial court committed error by concluding that Krause's Rule 202 petition is not a "petition" under the TCPA and by their second issue, they contend that such error was reversible because the trial court failed to apply the TCPA's dismissal procedures to Krause's petition. By their third issue, Perez and Hughes contend that, even if the TCPA does not apply, the trial court erred in granting Krause's petition under the standards of Rule 202.

### STANDARD OF REVIEW

We review a trial court's decision to grant or deny a motion to dismiss under an abuse of discretion standard. The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles, or, alternatively, whether the trial court's actions were arbitrary and unreasonable based on the circumstances of the individual case. *Downer v. Aquamarine Operators*, *Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). When reviewing matters committed to the trial court's discretion, a court of appeals may not substitute its judgment for that of the trial court. *Bowie Memorial Hospital v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002) (citation omitted).

**ANALYSIS**

The majority opinion concludes Krause's Rule 202 petition is a legal action subject to the TCPA's dismissal process—a conclusion with which I concur. *See DeAngelis v. Protective Parents Coal.*, 556 S.W.3d 836, 847-48 (Tex. App.—Fort Worth 2018, no pet.). Where I part with the majority is in its further conclusion that the trial court erred in denying the motion to dismiss filed pursuant to the provisions of the TCPA.

The majority concludes that the trial court should have granted Perez and Hughes' motion to dismiss because Krause failed to establish "by clear and specific evidence, the prima facie elements that entitle it to pre-suit discovery under Rule 202." As stated by the majority, a prima facie case is established by the *minimum* quantum of evidence necessary to support a rational inference that the allegation of fact is true. *Grant v. Pivot Tech. Solutions, Inc.*, 556 S.W.3d 865, 882 (Tex. App.—Austin 2018, pet. filed). The majority further concludes that under the TCPA, a prima facie case must be established by evidence that is both "clear and specific." Applying appropriate definitions of "clear" and "specific," the majority opines that a Rule 202 petitioner must "provide enough detail to show the factual basis for its claim, and thus effectively abrogate the utility of mere notice pleading as evidence to that end."

Specifically, by applying those standards, the majority concludes Krause failed to establish, by clear and specific evidence, that the benefit of allowing pre-suit discovery outweighed the likely burden or expense of that procedure. The majority places great emphasis on the conclusory nature of the statements of Krause's counsel and the trial court's generalized knowledge that "the burden of pre-suit depositions is high because

4

discovery demands are made on individuals or entities before the issues have been identified." What the majority fails to consider is the discretionary nature of the trial court's decision and its generalized knowledge regarding the benefits of dispute resolution prior to full-blown litigation.

Without the formality of witnesses subject to direct and cross-examination, counsel for both parties outlined what the probable undisputed testimony would be. From that synopsis, the trial court clearly understood that Krause suspected Perez and Hughes of several potential causes of action, including, but not limited to, misappropriation of confidential information, breach of employment covenants, and theft of property—all claims arising out of a prior employment relationship between Krause and Perez and Hughes. In that regard, the undisputed facts underlying the controversy are both clear and specific.

Based upon the standards applicable to a Rule 202 petition, the issues before the trial court, the statements of counsel, the pleadings, and our standard of review, I would defer to the decision of the trial court to deny Perez and Hughes' motion to dismiss. The decision of the majority does nothing more than substitute its decision for that of the trial court. Accordingly, I respectfully dissent.


Patrick A. Pirtle
Justice